# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:15-CV-328-JVB |
| v. | ) |
| | ) |
| ARTURO AZCONA and CITY OF GARY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Christopher Richardson, a *pro se* prisoner, filed a complaint against two defendants pursuant to 28 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Richardson alleges that Gary Police Officer Arturo Azcona arrested him without probable cause on September 15, 2010. "Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Thus, this claim accrued when Richardson was arraigned shortly after he was arrested on September 15, 2010. *See id.* ("[H]is unlawful seizure was terminated [at] the time of his arraignment."). "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug*

*Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). However, Richardson waited nearly five years to bring this lawsuit. Because this claim is barred by the statute of limitations, it will be dismissed with prejudice.

Richardson also alleges that Officer Azcona coerced Simmuel Mobley into providing false testimony and knowingly used that testimony against him in a probable cause affidavit. The Seventh Circuit has "expressly stated that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of his liberty in some way." *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015) (quotation marks, brackets, and citation omitted). In addition the use of Moberly's testimony in the probable cause affidavit, Mobley also testified at Richardson's criminal trial. He testified that Richardson had been his friend for nearly a year. He testified that Richardson (who was 41 years old) was dating a 14 year old. He testified that he ordered Richardson off his property because Richardson and the girlfriend were arguing. He testified that later that evening Richardson shot him in the leg outside of Richardson's apartment building. *Richardson v. State*, 968 N.E. 2d 867 (Ind. Ct. App. 2012) (table). Clearly Mobley's allegedly coerced testimony was used to deprive Richardson of his liberty. However, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court explained that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Here, in order to prevail, Richardson would have to

show that Mobley's testimony was false and that it was coerced by Officer Azcona. That would undermine Richardson's conviction. However, because Richardson's conviction has not been reversed or otherwise invalidated, this claim is not yet ripe. Therefore it must be dismissed without prejudice.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here because no amendment could make the arrest claim timely nor the coerced testimony claim ripe.

For the foregoing reasons, the arrest claim is **DISMISSED WITH PREJUDICE** and the coerced testimony claim is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on September 22, 2015.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE